UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHERRELL GARY BRINKLEY,

    Plaintiff,

v.        Case No. 5:11-cv-291-Oc-23TBS

WARDEN, FCC COLEMAN- MEDIUM,

    Defendant.
_____/

**ORDER**

Brinkley moves (Doc. 1) for the Writ of Habeas Corpus under 28 U.S.C. § 2241. The Warden opposes the petition and states that Brinkely has not exhausted his administrative remedies.

Applicable law (1) requires that a federal inmate exhaust the administrative remedy before applying for the writ of habeas corpus under Section 2241 and (2) provides that the applicant's failure to exhaust bars the district court's exercising jurisdiction under Section 2241. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556). As explained in Irwin v. Hawk, 40 F.3d 347, 348 (11th Cir. 1994) (citations omitted), an inmate's exhaustion of the administrative remedy is necessary:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual

>background upon which decisions should be based; (3) to
>permit the agency to exercise it's discretion or apply its
>expertise; (4) to improve the efficiency of the administrative
>process; (5) to conserve scarce judicial resources . . . ;
>(6) to give the agency a chance to discover and correct its
>own errors; and (7) to avoid the possibility that 'frequent and
>deliberate flouting of the administrative processes could
>weaken the effectiveness of an agency by encouraging
>people to ignore its procedures.'

As shown in Doc. 5, Ex. 4, Brinkley has not exhausted his administrative remedy. Because administrative exhaustion is a jurisdictional prerequisite to a Section 2241 petition, "whether [a petitioner] may even assert a waiver or futility exception to the requirement is questionable." Hicks v. Jordan, 2006 WL 263831 **1 (11th Cir. Feb. 2, 2006) (unpublished).

Accordingly, the petition for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment dismissing the petition without prejudice, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on September 1, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE